B. M. WILKINSON, administrator, plaintiff in error, *vs.* JACOB SITTON, defendant in error.

Where arbitrators awarded that the owner of a mill dam should pay annually a specific sum to the proprietor of adjacent land for overflowing the same as long as the owner of the dam kept the water at a certain height, and the award was made the judgment of the court, such owner is liable to pay the amount fixed thereby, so long as the dam causes the overflow of the land of his neighbor, although it may not continuously keep the water fully up to the point specified in the award.

Arbitrament and award. Land. Water. Before Judge McCutchen. Dade Superior Court. March Term, 1874.

There being a controversy between John B. Wilkinson and Jacob Sitton as to the damages sustained by the latter, by reason of the erection and maintenance of a mill-dam by the former, thereby causing the lands of the latter to be overflowed, the matter was submitted to arbitration. The award directed that Wilkinson pay to Sitton $17 50 for each year that he keeps his mill-dam up to a certain point indicated by the arbitrators, on a cedar stump, for all time to come. This award was made the judgment of the court. On December 3d, 1873, an execution was issued on this judgment for $17 50, the amount due as damages for the year preceding October 2d, 1873. A levy was made and an affidavit of illegality was filed by B. M. Wilkinson, as administrator of John B. Wilkinson, deceased, setting up that said mill-dam was not

kept up to the point indicated by said arbitrators during said year, and that the lands of the plaintiff in execution were not overflowed by reason of said dam.

The evidence showed that the award was made in 1857; that Wilkinson, during his life, paid annually to the plaintiff the amount specified in the award, except for two or three years during the war; that the defendant, as his administrator, had made similar payments since his death, except for the year ending October 2d, 1873.

There was some conflict in the testimony as to the height of the water during the year in controversy; several witnesses testified positively that the dam did not reach the point indicated by the award. It was clear that the plaintiff's lands had been periodically overflowed during that year.

The court charged the jury, " that the award upon which the *fi. fa.* issued, was an assessment of liquidated damages for the privilege of keeping the mill-dam up to a certain mark indicated by the arbitrators, and if they believed from the evidence, that during the year ending October 2d, 1873, the defendant had kept the mill-dam up to said mark, or so near thereto as to raise and flow the water back on the plaintiff's land, the plaintiff would be entitled to recover the whole of the amount fixed by said award, to-wit: $17 50."

" That the defendant would be liable to the plaintiff, under the award in evidence, for the entire sum of $17 50, if the jury should believe that the defendant, during the year ending October 2d, 1873, kept the mill-dam up so high as to raise or flow the water back in the stream on the plaintiff's land, notwithstanding he might not have kept the water raised in the pond as high as he was authorized to keep it by the terms of the award."

To this charge the defendant excepted. The jury found for the plaintiff. Error is assigned on the above charge.

E. D. GRAHAM, by W. H. DABNEY; R. H. TATUM, for plaintiff in error.

J. A. W. JOHNSON, for defendant.

Wilkinson *vs.* Sitton.

TRIPPE, Judge.

The effect of the award and judgment thereon was to give the owner of the mill-dam an easement in the land of Sitton, to the extent of overflowing it by keeping the water at a certain height fixed by the award.    As a compensation for this right on his part, he was to pay a certain sum yearly so long as he kept the water *to that height.*    The plaintiff in error sets up that in 1873 the water lacked several inches of being kept at the mark he had a right to keep it to.    This may have been so; but still the water was high enough all the time to overflow his neighbor's land, and he could at all times raise it to the full height specified in the award.    What amount of Sitton's land was overflowed when the water was up to that full height does not appear.    Nor was it shown how much was covered by water in 1873 when it was at a lower mark.   The simple fact is presented that Wilkinson overflowed Sitton's land, and was annually to pay him $17 50 therefor as long as he kept the water to a certain mark; that in 1873 he did not keep the water as high as he had a right to keep it, but still high enough to back the water over the adjacent land of Sitton.    He says he is therefore not liable to pay the amount assessed by the arbitrators.

Take the case thus:  For the years preceding 1873, by keeping the water as high as he might do under the award, four acres of Sitton's land were overflowed.   By the reduced height in 1873 only two or three acres were covered.    The other one or two could at any time have been also overflowed.   They were at Wilkinson's option to be rendered at all times incapable of being used by the owner.    Of what value were they to him in this situation ?    Wilkinson was asserting his right to enjoy this servitude on four acres, and could have extended it over the fourth at any moment.    He gave no notice that he would not so exercise it, or that he abandoned any portion of his privilege.    Justice demanded that Sitton should be paid for that portion of his property which he was practically compelled to refrain from enjoying.

How the question might be affected if Wilkinson would permanently abandon a portion of his privilege, which would enure to Sitton's benefit, and give notice thereof, we do not say. As matters stand, with a fixed disability on Sitton, so that he dare not enjoy any portion of his land which the award entitles Wilkinson to overflow, he should be indemnified.

The evidence was conflicting on the point as to how high the water was kept in 1873. Some of the witnesses make it as high as it was at the time of the arbitration; others not quite so high. It was not denied that it did overflow Sitton's land. Under the evidence, the charge of the court and the verdict were right.

Judgment affirmed.